UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Willie Johnson, # 127069, | ) | C/A No. 0:07-604-PMD-BM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Report and Recommendation |
| | ) | |
| Warden of Lieber Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Willie Johnson, proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2254 for habeas relief. Petitioner is an inmate at the Lieber Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in the above-captioned case. The review was conducted pursuant to the Rules Governing Section 2254 Cases, the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992)*; Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979). Petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *Hughes v. Rowe*, 449 U.S. 5 (1980); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F. 2d 1291 (4th Cir. 1978); *Gordon v. Leeke*, 574 F. 2d 1147 (4th 1978). Even under this less stringent standard, however, the *pro se* Petition is still subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege



facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Services*, 901 F. 2d 387 (4th Cir. 1990).

## Background

Petitioner was convicted and sentenced in the Charleston County Court of General Sessions in 1985, and has sought habeas relief several times since his conviction, with this Court previously adjudicating several petitions for habeas relief filed by the Petitioner.[1] Petitioner filed a Petition for Writ of Habeas Corpus in this Court on March 30, 1989 (C/A No. 3:89-722-MJP), which was dismissed. The Fourth Circuit subsequently dismissed Petitioner's appeal on April 4, 1990, with the modification that the earlier dismissal was without prejudice. *Johnson v. Evatt*, 900 F.2d 252, 1990 WL 48932 (April 4, 1990)(unpublished)(4th Cir. No. 89-6412). Petitioner again filed a habeas petition in this Court pursuant to § 2254 on June 9, 1990 (C/A No. 3:90-1308-MJP), with that petition again being dismissed by both this Court and by the Fourth Circuit on appeal. *Johnson v. Evatt*, 993 F.2d 1537, 1993 WL 1778800 (May 26, 1993)(unpublished)(4th Cir. No. 91-7166). Petitioner then filed another habeas petition pursuant to § 2254 on December 9, 1993 (C/A No. 0:94-310-MJP), which was dismissed by this Court as well as by the Fourth Circuit on appeal on June 28, 1995. *Johnson v. Evatt*, 60 F.3d 822, 1995 WL 382074 (June 28, 1995)(unpublished)(4th Cir. No. 95-6458). Petitioner filed yet another habeas petition pursuant to § 2254 on April 23, 1999 (C/A No. 0:99-1070-MJP), which was dismissed by this Court as successive. Petitioner's appeal was denied a certificate of appealability and dismissed by the Fourth Circuit on December 22, 1999.

---

[1] A court may take judicial notice of prior court proceedings. *See Mann v. Peoples First Nat. Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954).



*Johnson v. Catoe*, 202 F.3d 259, 1999 WL 1242577 (December 22, 1999)(unpublished)(4th Cir. No. 99-7439).

## Discussion

Petitioner's current petition, filed on March 6, 2007, is subject to dismissal as successive under Rule 9 of the Rules Governing Section 2254 Cases. Rule 9 states that "[b]efore presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)." Section 2244(b) is part of the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA").

> The AEDPA effected a number of substantial changes regarding the availability of federal postconviction relief to individuals convicted of crimes in federal and state courts. Of particular importance here are the provisions of the AEDPA codifying and extending judicially constructed limits on the consideration of second and successive applications for collateral relief. *See Felker v. Turpin*, 518 U.S. 651, [657] (1996). Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus or § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals.

*In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (footnote omitted). The "gatekeeping" mechanism created by the AEDPA amended § 2244(b) to provide:

> The prospective applicant must file in the court of appeals a motion for leave to file a second or successive habeas application in the district court. § 2244(b)(3)(A). A three-judge panel has 30 days to determine whether 'the application makes a prima facie showing that the application satisfies the requirements of' § 2244(b). § 2244(b)(3)(C); *see* §§ 2244(b)(3)(B), (D).

*Felker v. Turpin*, 518 U.S. 651, 657 (1996).

Therefore, this Court cannot consider a second or successive § 2254 petition unless Petitioner first obtains a Pre-Filing Authorization from the United States Court of Appeals for the Fourth

3



Circuit under 28 U.S.C. § 2244(b)(3). Petitioner has not received permission from the Fourth Circuit to file a second or successive § 2254 petition, acknowledging in his petition that " right now there are a petition before the Court of Appeals for the Fourth Circuit for authorization to file in the district court a second or successive application for relief pursuant to 28 U.S.C. 2254 or 2255." Hence, Petitioner has filed his petition prematurely, as he does not yet have permission from the Fourth Circuit to file his successive § 2254 petition.

### Recommendation

Accordingly, it is recommended that the petition for a writ of habeas corpus be dismissed without prejudice and without issuance and service of process upon the respondents.

**Petitioner's attention is directed to the important notice on the next page**.

Respectfully submitted,

Bristow Marchant
United States Magistrate Judge

April 5, 2007
Columbia, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

