IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Willie Johnson, # 127069, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>Warden of Lieber Correctional )<br>Institution, )<br>Respondent. )<br>_____) | C.A. No.:0:07-604-PMD-BM<br><br>**ORDER** |

This matter is before the court upon Willie Johnson's ("Johnson/Petitioner") petition for habeas relief pursuant to 28 U.S.C. § 2254. This matter has been reviewed by United States Magistrate Judge Bristow Marchant and is currently before the court upon the Magistrate Judge's recommendation that the petition be summarily dismissed as a second or successive habeas petition pursuant to 28 U.S.C. § 2244(b)(3)(A). The record contains a report and recommendation of the Magistrate Judge ("the R&R"), which was made in accordance with 28 U.S.C. § 636(b)(1)(B). A petitioner may object, in writing, to a report and recommendation within ten days after being served with a copy of that report. 28 U.S.C. § 636 (b)(1). Petitioner Johnson has filed timely objections to the R&R.

**STANDARD OF REVIEW**

The court is charged with conducting a *de novo* review of any portion of the R&R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636 (b)(1). Any written objection must specifically identify the portions of the R&R to which objections are made and the basis for those objections. *Id.*

Under established local procedure in this judicial district, a careful review has been made

of the *pro se* petition filed in the above-captioned case. The review was conducted pursuant to the Rules Governing Section 2254 Cases, the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992)*; Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979). Petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *Hughes v. Rowe*, 449 U.S. 5 (1980); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F. 2d 1291 (4th Cir. 1978); *Gordon v. Leeke*, 574 F. 2d 1147 (4th Cir. 1978). Even under this less stringent standard, however, the Magistrate Judge found the *pro se* petition is still subject to summary dismissal.

After a *de novo* review of the entire record, including the R&R and Petitioner's objections, the court concludes that the R&R sets forth the relevant facts and applies the correct principles of law. Accordingly, the court adopts the R&R in full and incorporates it into this Order.

## DISCUSSION

In the R&R, the Magistrate Judge observed that this is Petitioner Johnson's fifth Petition for Writ of Habeas Corpus pursuant to § 2254. Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petitioner seeking to file a successive § 2254 petition must first obtain an order from the United States Court of Appeals for the Fourth Circuit authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); 28 U.S.C.

§ 2254. As such, the court cannot consider a second or successive § 2254 petition unless Petitioner first obtains a Pre-Filing Authorization from the Fourth Circuit. In the instant petition, there is no indication that Petitioner obtained the requisite Authorization from the United States Court of Appeals for the Fourth Circuit prior to filing this successive petition. Accordingly, the Magistrate Judge found that the petition before the court should be dismissed as premature, as Petitioner does not yet have permission from the Fourth Circuit to file his successive §2254 petition.

Petitioner objects to the recommendation, and he has listed several reasons which, in his view, suggest that the court should hear and decide his application despite his failure to obtain leave from the Fourth Circuit. He argues that the AEDPA rule requiring pre-filing authorization for successive habeas petitions violates his due process rights. After reviewing this objection carefully, the court finds it to be without merit. It is well established that the AEDPA's restrictions on a district court's jurisdiction to consider successive § 2254 petitions do not violate the due process standards under the Fourteenth Amendment. *Felker v. Turpin*, 518 U.S. 651 (1996) (holding that the AEDPA's restrictions on successive habeas corpus petitions do not amount to unconstitutional "suspension" of writ of habeas corpus); *see also Ex Parte McCardle,* 74 U.S. (7 Wall.) 506 (1869) (upholding a federal law precluding Supreme Court review of some habeas corpus petitions); *United States v. Quinones*, 313 F.3d 49, 62 (2d Cir. 2002) (holding that there is no fundamental due process right to a continued opportunity to exonerate oneself); *see also Rochin v. California*, 342 U.S. 171-71 (1952) (holding that the continued opportunity for exoneration during the course of one's natural life is not a right 'so rooted in the traditions and conscience of our people as to be ranked as fundamental.'")).

Petitioner acknowledges that "right now there [is] a petition before the Court of Appeals for

the Fourth Circuit for authorization to file in the district court a second or successive application for relief pursuant to 28 U.S.C. 2254 or 2255." (R&R at 4.) However, because Petitioner has not yet obtained that permission from the Fourth Circuit, the petition is prematurely filed and the court is without jurisdiction to entertain his claim. *See, e.g., United States v. Key*, 205 F.3d 773 (5th Cir. 2000); *United States v. Boone*, 2 Fed. Appx. 254, 2001 WL 46554 (4th Cir. 2001) (citing *Key* with approval). Accordingly, the court dismisses Petitioner's § 2254 motion. .

## CONCLUSION

It is therefore, **ORDERED**, for the foregoing reasons, that Willie Johnson's § 2254 motion is hereby **DISMISSED** without prejudice and without issuance and service of process for Petitioner to seek leave in the United States Court of Appeals for the Fourth Circuit to file this second or successive § 2254 motion.

**AND IT IS SO ORDERED**.

PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**June 19, 2007**

### Notice of Right to Appeal
Petitioner is hereby notified that he has the right to appeal this order within (30) days from the date hereof, pursuant to Fed. R. App. p. 3-4.

4